IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL LEE WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1398-F |
| | ) | |
| BRUCE HOWARD,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court convictions. United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition was examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and as it appeared the petition was untimely, the undersigned ordered Petitioner to show cause why it should not be dismissed. The Oklahoma Attorney General was given an opportunity to file a reply on behalf of the Respondent. Those briefs have been filed, and for the following reasons, it is recommended that the petition be dismissed as untimely.

By this action, Petitioner challenges his convictions upon his guilty pleas to

---

[1] The Petitioner listed the State of Oklahoma and the Oklahoma Attorney General as Respondents. However, where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Bruce Howard, Warden of Howard McLeod Correctional Center where Petitioner alleges he is incarcerated is the properly named Respondent and is substituted as such herein.

possession of a controlled dangerous substance and possession of a controlled dangerous substance after a former drug conviction, for which he was sentenced on April 3, 2002, to ten years imprisonment on each count, with the last five years suspended, with both counts running concurrent to each other. Petition, 2;[2] Case No. CF-1999-5433, District Court of Oklahoma County, Docket (attached to Reply as Ex. 1). Petitioner did not move to withdraw his guilty pleas or directly appeal his convictions. Petition, 3; Reply, Ex. 1.

On June 15, 2009, Petitioner filed a motion to vacate in the trial court which was denied on June 22, 2009. Petition, 4; Reply, Ex. 1. Petitioner did not appeal the trial court's decision denying his motion to vacate. Petition, 5; Reply, Ex. 1. On July 14, 2009, Petitioner filed a second motion to vacate in the trial court which was denied on July 30, 2009. Petition, 4-5; Reply, Ex. 1. Petitioner attempted to appeal the second denial to the Oklahoma Court of Criminal Appeals, but the Court dismissed his appeal on November 20, 2009, for failure to provide a certified copy of the trial court's order denying relief.[3] Petition, 5; Walker v. State, No. PC-2009-789 (Okla. Crim. App. Nov. 20, 2009) (attached to Reply as Ex. 3 and to Petition). The petition for federal habeas corpus relief was filed in this Court

---

[2]The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition. Page 2 is actually the first page of the petition.

[3]The Oklahoma Court of Criminal Appeals also found that Petitioner is no longer serving the suspended sentences. Reply, Ex. 3., at 1. This conclusion is not obvious from the face of the petition, and Respondent did not argue that the petition should be dismissed under the in custody requirement. See 28 U.S.C. § 2254(a) (writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court"). Since it is clear that the petition is untimely, the undersigned has not addressed the in custody requirement.

2

on December 28, 2009. Petition, 2.

In his only ground for relief, Petitioner alleges that he "is being detained in excess of his lawful incarceration" because the "district attorney did not have discretion to suspend part of [his] sentence, making [the] suspended part void." Petition, 6. In his show cause brief, Petitioner clarifies his position, stating that his sentences were "illegal" under Oklahoma law because his prior felony convictions made him ineligible for a suspended sentence. Brief, 1-2. Petitioner alleges that his "illegal" suspended sentences rendered his guilty pleas unknowing and involuntary and that the trial court lacked jurisdiction to impose the suspended sentences. Brief, 2, 3.

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. Further, when raising the issue sua sponte, the district court "must assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Day, 547 U.S. at 210 (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860,

861 n.1 (10th Cir. Jan. 31, 2007).[4]

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B) (C) or (D) may apply to the petition.

However, any attempt by Petitioner to argue that subsection (D) applies to the petition,

---

[4]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

because he could not have discovered the factual predicate of his claim until the trial court revoked his suspended sentence would fail. In a factually indistinguishable case, the Tenth Circuit found that subsection (D) may not be applied when a petitioner challenges his sentence as being void at its inception. Lowe v. Dinwiddie, No. 05-7077, 163 Fed. Appx. 747, 749 (10th Cir. Jan. 19, 2006). In Lowe, the petitioner filed a § 2254 petition, arguing that his prior felonies left the state court without jurisdiction to impose a suspended sentence which made the sentence "voidable at its inception." Lowe, 163 Fed. Appx. at 748. The petition was filed more than one year after the petitioner was sentenced, but he argued that the petition was timely because the limitations period began to run from the date his suspended sentence was revoked, not the date the sentence was imposed. Lowe, 163 Fed. Appx. at 749. The Tenth Circuit disagreed, finding that because the petitioner was challenging the imposition of the sentence, not the revocation proceedings, the limitations period began to run from the date the sentence was imposed, making his petition untimely. Lowe, 163 Fed. Appx. at 749. Here, Petitioner also argues that his suspended sentence is "void from its [i]nception," which is an attack on the imposition of the sentence. Brief, 2, 3. Thus, the limitations period must be evaluated under subsection (A) from the date Petitioner's convictions became final by the expiration of the time for seeking direct review.

The trial court entered its judgment of conviction and sentenced Petitioner on April 3, 2002. Petition, 2; Reply, Ex. 1. Petitioner had ten days from that date to move to withdraw his guilty pleas. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his convictions became final for limitations

purposes on April 13, 2002. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction (citing Rule 4.2)). Therefore, the one-year limitations period began to run on April 14, 2002, and expired on April 14, 2003, absent any tolling. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004," giving the petitioner until January 29, 2005, in which to file his habeas petition) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition was filed on December 28, 2009, more than six years and a half years after the limitations period expired. Petition, 1. Thus, absent statutory or equitable tolling, it is untimely.

### A. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period toll it. See Fisher, 262 F.3d at 1142-43. Thus, although Petitioner filed two motions to vacate (assuming that they were properly filed applications for post-conviction relief), they did not toll the running of the AEDPA limitations period because Petitioner did not file his first motion to vacate until June 15, 2009, several years after the April 2003 expiration of the limitations period.

B.  EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner does not state that equitable tolling should apply and he does not allege the existence of any extraordinary circumstances. However, even assuming Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner waited until several years after the limitations period expired to bring a collateral attack on his convictions. In light of this significant delay, equitable tolling is not appropriate.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed as untimely. The parties are advised of their rights to file an objection to this Report and

Recommendation with the Clerk of this Court by May 12, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 22nd day of April, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE